UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SHERRY J. MELANCON and )
CARLYLE J. MELANCON, )
)
Plaintiffs, )
)
v. ) No. 3:19-CV-194-PLR-HBG
)
KENNETH WEITZEL, et al., )
)
Defendants. )

**REPORT AND RECOMMENDATION**

This case comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for consideration of Defendant Weitzel's Motion and Application To Proceed *In Forma Pauperis*, which has been filed in the above case on May 30, 2019 [Doc. 2] and the Defendant Weitzel's Notice of Removal [Doc. 1] also filed on May 30, 2019. The undersigned files this Report and Recommendation for the District Judge to whom this case is assigned. For the reasons more fully stated below, the Court finds that the Defendant should be allowed to file his Notice of Removal without prepayment of costs, but the Court **RECOMMENDS** that the Notice of Removal be **DISMISSED** for jurisdictional deficiencies and pursuant to 28 U.S.C. § 1915(e), and that the case be remanded to state court.

**I.     FILINGS AND ALLEGATIONS**

The Defendant has filed an application to proceed *in forma pauperis*, with the required detailing of his financial condition. The application demonstrates that the Defendant has little income and few assets.

In his Notice of Removal, the Defendant alleges that the Plaintiffs filed a Detainer action against him in Loudon County General Sessions Court to recover possession of real property allegedly owned by Plaintiffs but occupied by Defendant. Defendant claims that no landlord/tenant relationship exists between Plaintiffs and himself.

**II.    ANALYSIS**

**A.    <u>Jurisdiction</u>**

Federal courts are courts of limited jurisdiction. Congress has conferred upon this Court, and other federal courts, the jurisdiction to hear only two types of civil cases: those arising under the United States Constitution and the laws and treaties of the United States, *see* 28 U.S.C. § 1331, and those cases in which the amount in controversy exceeds $75,000.00 and the parties are diverse, *see* 28 U.S.C. § 1332.

The underlying state court action is a Detainer for possession of real property. This is a state law claim. Moreover, any argument in support of diversity jurisdiction is defeated by the fact that the Plaintiffs and Defendant reside in Tennessee. [Doc. 1-1].

Thus, the Court finds the Plaintiff has failed to demonstrate any grounds for federal jurisdiction in this case.

**B.    <u>Indigency and Failure to State a Claim</u>**

In addition to federal jurisdiction standards, applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). To accomplish this end, a court must evaluate the litigant's indigence, but notwithstanding indigence,

2

a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915 if the litigation is frivolous and malicious or fails to state a claim upon which relief can be granted.

The Court will address the indigence and merits components of 28 U.S.C. § 1915 in turn.

**1.     Indigence**

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25 (1992). The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339.

In the present case, the Defendant's Application to Proceed Without Prepayment of Fees and Plaintiff's economic status has been considered in making the decision of whether to grant leave to proceed *in forma pauperis*, and it appears that Defendant's application sets forth grounds for so proceeding. The Application to Proceed *In Forma Pauperis* and Application to Proceed Without Prepayment of Fees are, therefore, **GRANTED**.

The Clerk is **DIRECTED** to file the Notice of Removal in this case without prepayment of costs or fees. *See Gibson*, 915 F.2d at 262-63. **The Clerk SHALL NOT issue process, however, at this time.**

3

**2. Merits**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a filing as frivolous or if it fails to state a claim upon which relief can be granted. *See Neitzke*, 490 U.S. 319.[1]

*Failure to State a Claim Upon Which Relief Can Be Granted*

As the Court previously noted, though the Court has construed the pleadings liberally, the Court has found that the Detainer action in the Loudon County General Sessions Court is a state law claim, not a federal claim. Such a claim must be litigated in state court. Moreover, there is no diversity jurisdiction. Accordingly, the Court recommends that the Defendant's Notice of Removal should be dismissed.

**III. CONCLUSION**

In sum, the Court finds the Defendant's motion and application to proceed *in forma pauperis* to be well-taken, and the Clerk is **DIRECTED** to file Notice of Removal in this case without prepayment of costs or fees. No process shall issue, however, until the District Judge has ruled upon this Report and Recommendation,[2] because it is **RECOMMENDED**[3] that the Notice

---

[1] Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D. Pa.) (1997).

[2] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to

of Removal be **DISMISSED** due to its jurisdictional deficiencies, and this case remanded to the

Loudon County General Sessions Court.

                                            Respectfully submitted,

                                            */s/ Bruce Guyton*

                                            United States Magistrate Judge

---

appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).